We remanded this case to the trial court with instructions to grant the appellant, Louis Winchester, Jr., an evidentiary hearing on his petition seeking post-conviction relief wherein he alleged that his counsel was constitutionally ineffective for failing to object to the striking of black jurors by the state in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court has complied with our instructions and has filed a return to our remand.
Upon conclusion of the evidentiary hearing, the trial court found that the appellant had not met his burden of proof and denied his petition. Contrary to the appellant's allegations in his petition, the trial court found that the "strike list" from which the trial jury was selected contained five black venirepersons; that the state exercised its peremptory strikes to remove two of the blacks; and that three of the blacks remained on the jury that tried and convicted the appellant. While the trial court did not feel that a prima facie showing of racially discriminatory strikes could be made under the circumstances, it nevertheless allowed the state to give its reasons for striking the two blacks. The prosecutor stated that one black was struck because of "having been prosecuted on prior occasions by the assistant district attorney who handled this case," and the other black was struck "because he came to court intoxicated."
The evidence supports the finding of the trial court that the appellant failed to prove the allegations of his petition. The denial of the petition was proper. The judgment of the trial court is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.